IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEAN RICHARDS,

    Plaintiff,

      v.

CITY OF EAST POINT, GEORGIA,
et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-472-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendants' Motion for Judgment on the Pleadings [Doc. 29] and the Defendants' Motion to Dismiss [Doc. 34]. For the reasons stated below, the Motion to Dismiss is DENIED and the Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part.

**I. Background**

On February 14, 2014, the Plaintiff, Sean Richards, went to order take-out at a restaurant called The Tavern at J.R. Crickets in East Point, Georgia.[1] After looking at a menu, a restaurant employee announced that a vehicle matching the description

---

[1]    Pl.'s Second Am. Compl. ¶¶ 7, 24.

of the Plaintiff's needed to be moved, so the Plaintiff returned to the parking lot to move his vehicle.[2] One of the Defendants, Officer Walter Watts, was an off-duty officer from the East Point Police Department who was also working security at The Tavern.[3] The Plaintiff alleges that as he approached the parking lot, Officer Watts instructed him to move his vehicle.[4] The Plaintiff then got in the driver's seat of his vehicle to prepare to move the car.[5] Officer Watts approached the vehicle and grabbed the Plaintiff's left arm.[6] The Plaintiff admits that he pulled his arm away from Officer Watts.[7] Officer Watts told the Plaintiff to exit the vehicle.[8] The Plaintiff verbally protested, but then complied with the command and stepped out of the vehicle.[9] As the Plaintiff stepped out of the vehicle, Officer Watts shot a taser charge into his back.[10] The Plaintiff fell to the ground face down, and at this point, Officer Watts again fired

---

[2]   Id. ¶ 25.

[3]   Id. ¶¶ 21-22.

[4]   Id. ¶ 26.

[5]   Id. ¶ 27.

[6]   Id. ¶ 28.

[7]   Id.

[8]   Id. ¶ 29.

[9]   Id.

[10]   Id. ¶ 30.

the taser.[11] Officer Watts then handcuffed the Plaintiff's hands behind his back and advised him that he was under arrest.[12]

Following the incident, the East Point Solicitor initially charged the Plaintiff with disorderly conduct under East Point Municipal Ordinance No. 13-1005.[13] The Plaintiff pleaded not guilty to that charge, and the East Point Solicitor added a charge for violating East Point Municipal Ordinance No. 13-1012, which prohibits obstructing officers and is identical to Georgia state law on obstruction.[14] After the municipal court judge denied the Plaintiff's motion to quash the new charge, the Solicitor obtained permission to modify the disorderly conduct charge to a charge for disorderly conduct while under the influence.[15] The Plaintiff was acquitted of the disorderly conduct while under the influence charge, but convicted of obstructing an officer.[16] The judge sentenced the Plaintiff to six months probation and an $800 fine.[17] The Plaintiff appealed to the Fulton County Superior Court, but his appeal was

---

[11]    Id. ¶ 31.

[12]    Id. ¶ 32.

[13]    Id. ¶ 44.

[14]    Id. ¶¶ 46, 50.

[15]    Id. ¶ 47.

[16]    Id. ¶¶ 49, 51.

[17]    Id. ¶ 52.

dismissed for failure to post an appeal bond.[18] He further sought appellate review in the Georgia Court of Appeals; the Court of Appeals dismissed the appeal for failure to follow proper appeal procedure.[19] The Plaintiff now brings various federal and state claims against Officer Watts, the City of East Point, the East Point Chief of Police, Tommy Gardner, Jr., and Cotton & Associates, the owner of the restaurant that employed Officer Watts as a security guard. Officer Watts, East Point, and Chief Gardner move to dismiss for improper service of process and also move for judgment on the pleadings.

## II. Legal Standard

A motion for judgment on the pleadings and a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure are subject to the same legal standard. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[20] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility

---

[18]     Id. ¶¶ 53-54.

[19]     Id. ¶¶ 57-58; Defs.' Answer to Pl.'s Second Am. Compl., Ex. F.

[20]     Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

of recovery is extremely "remote and unlikely."[21]  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.[22]  Generally, notice pleading is all that is required for a valid complaint.[23]  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[24]

### III. Discussion

### A. Motion to Dismiss

The Defendants the City of East Point, Tommy Gardner, Jr., and Walter Watts move to dismiss based on insufficient service of process. The Defendants first argue that service was insufficient because the Plaintiff's attorney served process. Under Rule 4 of the Federal Rules of Civil Procedure, "[a]ny person who is at least 18 years

---

[21]    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).

[22]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[23]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[24]    See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

old and not a party may serve a summons and complaint."[25] There is no authority to suggest limitations on the "any person" language from Rule 4.[26] In fact, the Southern District of Georgia has found that a party's attorney may serve a summons and complaint under the rules.[27] The Defendants' motion to dismiss on the grounds that the Plaintiff's attorney served process should therefore be denied.

As to Officer Watts, however, the Defendants also argue that process was not left with a suitable person. Rule 4 allows service to be made to the person individually, by leaving process at the individual's dwelling or usual place of abode with someone of suitable age and discretion who also resides there, or by delivering process to "an agent authorized by appointment or by law to receive service of process."[28] In the event that a defendant is not served within 90 days of the filing of the complaint, the Court must dismiss the action against that defendant without prejudice or order that service be made within a specified time.[29] Watts was initially served by leaving process at the front desk of the East Point Police Department with

---

[25]     Fed. R. Civ. P. 4(c)(2).

[26]     Jugolinija v. Blue Heaven Mills, Inc., 115 F.R.D. 13, 15 (S.D. Ga. 1986).

[27]     Id.

[28]     Fed. R. Civ. P. 4(e)(2).

[29]     Fed. R. Civ. P. 4(m).

the officer on duty there, but on July 13, 2016, Watts was served with process by a process server. Although this service was outside the 90-day window allowed by rule, this Court would have extended the time for service, as allowed under Rule 4. The motion to dismiss the action against Watts is therefore denied as moot given that service has now been perfected.

### B. Motion for Judgment on the Pleadings

The Defendants the City of East Point, Tommy Gardner, Jr., and Walter Watts also move for judgment on the pleadings on all of the Plaintiff's claims.[30] The Plaintiff brings a claim for false arrest. Under both federal and state law, the existence of probable cause is an absolute bar to a claim for false arrest.[31] Probable cause exists "when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."[32] Probable cause requires more than suspicion, but does not

---

[30]    The Plaintiff argues that this motion should be denied as moot because it does not reference the most current version of his complaint. This is not the case. The motion cites both the first amended complaint and the most current, second amended complaint.

[31]    Myers v. Bowman, 713 F.3d 1319, 1326 (11th Cir. 2013); O.C.G.A. § 51-7-1.

[32]    Skop v. City of Atlanta, Ga., 485 F.3d 1130, 1137 (11th Cir. 2007).

require convincing proof.[33] The crime at issue here, misdemeanor obstruction, may be committed with the use of words alone.[34] It does not require forcible resistance or threats of violence.[35] Even "stubborn obstinance" is enough to constitute obstruction.[36] In his complaint, the Plaintiff admitted that he pulled his arm away from Officer Watts and that he verbally protested Officer Watts's commands.[37] These facts indicate the presence of probable cause to arrest for obstruction. Additionally, the fact that the Plaintiff was convicted of obstruction indicates that probable cause existed. Because probable cause existed, there can be no claim for false arrest. The Defendants' motion for judgment on the pleadings should be granted as to that claim.

The Plaintiff also brings a claim for malicious prosecution. Under both federal and state law, such a claim requires proof of a criminal prosecution instituted or continued by the defendant, with malice and without probable cause, that terminated in the plaintiff's favor, and caused damage to the plaintiff.[38] Here, the Plaintiff was

---

[33]     Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002).

[34]     Stryker v. State, 297 Ga. App. 493, 495 (2009).

[35]     Id.

[36]     Pinchon v. State, 237 Ga. App. 675 (1999).

[37]     Pl.'s Second Am. Compl. ¶¶ 28-29.

[38]     Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998); Brown v. GeorgiaCarry.Org, Inc., 331 Ga. App. 890, 892 (2015).

convicted of obstruction. The prosecution did not terminate in favor of the Plaintiff. Additionally, as discussed above, there was probable cause to prosecute the Plaintiff. The Defendants' motion for judgment on the pleadings should be granted as to the malicious prosecution claim.

The Defendants also move for judgment on the pleadings as to the Plaintiff's claim for excessive use of force. Whether an officer used excessive force is determined by asking "whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation."[39] The Eleventh Circuit has held that using a taser on a suspect who is not violent, not disobeying orders, not resisting arrest, and not posing a risk constitutes excessive force.[40] Here, this Court must accept as true that Officer Watts tased the Plaintiff for the first time after complying with a command to step out of the vehicle and that Officer Watts tased the Plaintiff a second time while the Plaintiff was face-down on the ground.[41] The Plaintiff has therefore alleged sufficient facts that, if true, show that Officer Watts used excessive force by using a taser on a non-violent, non-resisting suspect.

---

[39]   Zivojinovich v. Barner, 525 F.3d 1059, 1072 (11th Cir. 2008).

[40]   Fils v. City of Aventura, 647 F.3d 1272, 1290 (11th Cir. 2011).

[41]   Pl.'s Second Am. Compl. ¶¶ 29-31.

Officer Watts contends, however, that he is entitled to qualified immunity on the excessive force claim. An officer is entitled to qualified immunity unless he violated a clearly established constitutional or statutory right.[42] The Eleventh Circuit noted in <u>Fils</u> that using a taser on a suspect who committed a minor offense, did not resist arrest, did not threaten anyone, and did not disobey instructions violated a clearly established constitutional right.[43] At the very least, the second taser shot, which the Plaintiff alleges was fired into his back while he was on the ground and not moving, violates clearly established law. At this point, this Court cannot find that Officer Watts is entitled to qualified immunity given that it is required to take the facts in the complaint as true. The motion for judgment on the pleadings on the excessive force claim should be denied.

East Point and Chief Gardner move for judgment on the pleadings on the claims against them under 42 U.S.C. § 1983. As an initial matter, the claims against Chief Gardner are in his official capacity only.[44] Suits against a municipal officer in his official capacity are functionally equivalent to suits against the city.[45] The motion for

---

[42]    <u>Fils</u>, 647 F.3d at 1291.

[43]    <u>Id.</u>

[44]    Pl.'s Second Am. Compl. ¶ 4.

[45]    <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991).

judgment on the pleadings should be granted as to Chief Gardner because those claims are redundant given the claims against the city. As to the city, municipal liability under § 1983 only exists when there is a municipal policy or custom that caused injury to the plaintiff.[46] Here, the Plaintiff alleges that East Point failed to properly train or supervise Officer Watts in his use of tasers, that the failure to train caused Officer Watts to injure the Plaintiff, and that Officer Watts had previously committed similar acts without proper training.[47] The Plaintiff alleges sufficient facts to survive a motion for judgment on the pleadings. The motion should be denied as to the municipal liability claim against East Point.

The Defendants also move for judgment on the pleadings as to all of the state law claims. Under Georgia law, a city "shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."[48] The motion for judgment on the pleadings should therefore be granted on all state law claims against East Point and Chief Gardner in his official capacity. As to Officer Watts, under Georgia law, police officers may only be personally liable for ministerial acts that are performed negligently or discretionary acts performed with actual malice

---

[46]    Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003).

[47]    Pl.'s Second Am. Compl. ¶¶ 63, 65, 67, 69.

[48]    O.C.G.A. § 36-33-3.

or intent to injure.[49] Despite having amended his complaint twice, the Plaintiff alleges no facts that show that Officer Watts acted with actual malice or intent to injure. Officer Watts is therefore entitled to official immunity on all state law claims and the motion for judgment on the pleadings should be granted as to those claims against him.

## IV. Conclusion

For the reasons discussed above, the Defendants' Motion for Judgment on the Pleadings [Doc. 29] is GRANTED in part and DENIED in part and the Defendants' Motion to Dismiss [Doc. 34] is DENIED. The Clerk is directed to terminate Tommy Gardner, Jr., as a defendant.

SO ORDERED, this 23 day of August, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[49]    Cameron v. Lang, 274 Ga. 122, 123 (2001).